# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §  Case No. 2:18-cv-00390-RWS-RSP |
| | § |
| FLYWHEEL SPORTS, INC., | § |
| | § |
| *Defendant*. | § |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff Peloton Interactive, Inc.'s "Opposed Motion For Sanctions Against Defendant Flywheel Sports, Inc. and Counsel For Discovery Abuse." (Dkt. No. 80). Considering the briefing and the arguments at the August 12, 2019 hearing on the motion, the motion will be granted in part and denied in part.

Counsel for Defendant was representing both Defendant and the deponent, Ruth Zukerman, a former employee and co-founder of Defendant. In May of 2019, the parties decided to schedule Ms. Zukerman's deposition at the offices of Defendant's counsel in New York on July 16, 2019. Plaintiff served a broad request for documents with the deposition subpoena. Defendant's counsel objected to the overbreadth of some of the categories of documents requested, but also represented that Ms. Zukerman had no responsive documents. Plaintiff's counsel repeatedly

emailed Defendant's counsel asking that he make sure that any responsive documents be found, expressing surprise that the none had been produced.

While there had been communication between Ms. Zukerman and Defendants' counsel in the weeks leading up to the deposition, it was not until the morning of the deposition that counsel sat down with her and learned that she had personal email accounts that might have responsive communications. Ms. Zukerman verified that morning that she did have such emails, and counsel decided that it would take some time to gather them and review them for privilege. Therefore, Defendant's counsel emailed Plaintiff's counsel (who had by then already arrived in New York) an hour and a half before the deposition was to begin and offered to reset the deposition. Up until that time, Defendant's counsel had taken the position that July 16 was the one and only time that Ms. Zukerman would be offered for deposition. The deposition was cancelled and this motion ensued. By the time of the hearing, the deposition had been completed on August 6, 2019.

The Court finds that it is not appropriate to consider the foregoing as a failure by the deponent to appear at her deposition, as Plaintiff has argued. Nor does the Court find that the failure to produce the emails timely was excused by the terms of the E-Discovery Order entered in this case on March 1, 2019. (Dkt. No. 53). That order governs discovery between the parties, not requests directed to non-parties such as Ms. Zukerman. However, the Court does find that Counsel for Defendant

failed to conduct a timely search for responsive documents, and that this failure caused a delay in the deposition, to the prejudice of Plaintiff. Rule 30 (d)(2) allows the Court to assess reasonable expenses and fees on any "person who impedes, *delays*, or frustrates the fair examination of the deponent." (emphasis added).

The Court finds that counsel for Defendant acted in good faith and without any intent to delay the proceedings but was not sufficiently diligent under the circumstances. The Court also finds that the primary prejudice was in causing a wasted trip from California to New York for the July 16 deposition. Since the deposition went forward three weeks later, the preparation time was not wasted and did not need to be repeated. Accordingly, the Court finds that Plaintiff should recover $2,515.92 in expenses, together with $7,500 in fees, which counsel for Defendant is hereby ordered to pay to counsel for Plaintiff within 15 days.

**SIGNED this 13th day of August, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE