**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PELOTON INTERACTIVE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00390-RWS-RSP |
| | § | |
| FLYWHEEL SPORTS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Flywheel Sports, Inc.'s ("Flywheel") Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") (Dkt. No. 89). Within Peloton's Second Amended Complaint, Peloton alleges that Flywheel infringed the claims of U.S. Patent Nos. 9,174,085 ("'085 patent"), 9,233,276 ("'276 patent"), 9,861,855 ("'855 patent") and 10,322,315 ("'315 patent"). Flywheel argues within its Motion to Dismiss that the asserted claims are invalid under 35 U.S.C. § 101 because they are directed to abstract ideas and because they do not include any additional limitations that transform them into patent-eligible inventions.

After consideration, the Court recommends that Flywheel's Motion to Dismiss be **DENIED**. At the very least, questions of fact remain as to whether the claimed invention is well-understood, routine, and conventional. Accordingly, dismissal is not appropriate.

**I.     APPLICABLE LAW**

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of

human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The Supreme Court therefore instructs courts to distinguish between claims that set forth patent ineligible subject matter and those that "integrate the building blocks into something more." *Id*.

The Federal Circuit provided a two-step framework for analyzing whether claims at issue claim patent-eligible subject matter. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). Courts first determine whether the claims at issue are directed to a patent-ineligible concept. *Id*. (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77–78 (2012))). In doing so, the court must be wary not to over generalize the invention, as "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Alice*, 573 U.S. at 217 (omission in original).

If the claim is directed to an abstract idea at step one, courts move to the second step of the inquiry and consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application. *Id*. (quoting *Alice*, 573 U.S. at 217–18 (quoting *Mayo*, 566 U.S. at 78)). A claimed invention is patent-eligible at step two when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225).

Patent eligibility is a question of law, based on underlying facts. *SAP AMERICA, INC. v. INVESTPIC, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018). "[A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016). Whether the

claim elements or the claimed combination are well-understood, routine, and conventional is a question of fact. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The patent specification is a source that is properly considered on a motion to dismiss. *Aatrix*, 882 F.3d at 1128. Specific improvements described in a patent specification, "to the extent they are captured in the claims, create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018).

## II.     ANALYSIS

The Court concludes that fact questions remain as to whether the claimed inventions are well-understood, routine, and conventional. This is evident from the specifications of the asserted patents themselves and the Second Amended Complaint.

For example, the '085 patent states that "[e]xisting home and gym-based exercise systems and methods frequently lack key features that allow participants to compete with each other and that gamify exercise activities." '085 Patent at col.1 ll.22–25. The '085 patent also states that the pre-existing cycling classes were "accessible only at specific times and locations" and that they were therefore "unavailable to many potential users, generally are very expensive, and often sell-out so that even users in a location convenient to the cycling studio cannot reserve a class." *Id*. at col.1 ll.40–44. The '085 patent then states that "the present invention addresses these problems, providing a stationary bike that incorporates multimedia inputs and outputs for live streaming or archived instructional content, socially networked audio and video chat, networked performance

metrics and competition capabilities, along with a range of gamification features." *Id*. at col.1 ll.44–50. This shows that, at the very least, a factual question remains as to whether the claimed invention as a whole is directed to well-understood, routine, and conventional activities.

The Second Amended Complaint asserts that the patented inventions solve the same problems:

> The invention of the Peloton Bike solved two major problems for would-be exercisers. First, it removed a significant constraint of in-studio cycling classes, which are offered only at fixed locations and times, by allowing riders the flexibility to access cycling classes—in their own home and on their own schedule. Second, it solved a problem faced by previous at-home stationary bikes—rider boredom due to lack of variety and engagement, by providing live and on-demand classes with an improved and more efficient graphical user interface that not only recreates but enhances the real-time competition and community engagement that has made in-studio classes so popular. To protect these and other innovations in the Peloton Bike, Foley and Peloton applied for, and received, the U.S. Patents at issue in this case.

(Dkt. No. 64 at ¶ 3.)

The Court is required to accept the factual allegations within the Second Amended Complaint and the factual allegations within any documents attached to the Second Amended Complaint as true. *See Aatrix*., 882 F.3d at 1128. Because of this requirement and because of the quoted language within the asserted patents and the Second Amended Complaint, the Court concludes that factual disputes remain as to whether the invention describes well-understood, routine, and conventional activities.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted

and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation **must be filed** in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

    **SIGNED this 5th day of September, 2019.**

                                                              ROY S. PAYNE
                                                              UNITED STATES MAGISTRATE JUDGE