IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PELOTON INTERACTIVE, INC., § <br>    *Plaintiff*, § <br>    v. § <br> FLYWHEEL SPORTS, INC., § <br>    *Defendant*. § | Case No. 2:18-CV-00390-RWS-RSP |

## ORDER

Before the Court is Plaintiff Peloton Interactive, Inc.'s Motion to Compel Removal of Attorneys Eyes Only and Confidential Designations ("Motion to Compel"). Dkt. No. 149. This Motion to Compel seeks to (1) compel Defendant Flywheel Sports, Inc. to remove "Confidential" and "Restricted – Attorneys' Eyes Only" designations from exhibits that were produced within the discovery process in this case; and (2) permit Peloton to submit these Exhibits to the PTAB despite provisions in the Protective Order that would prohibit such submissions. *Id*. Also before the Court is Flywheel's Opposed Motion for Leave to Exceed Page Limits to Provide Attachments in Support of its Opposition ("Motion for Leave"). Dkt. No. 164.

After consideration, the Court **GRANTS** this Motion to Compel (Dkt. No. 149). The Court also **GRANTS** Flywheel's Motion for Leave (Dkt. No. 164).

The Protective Order provides that

> A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

Dkt. No. 52 at ¶ 6. The Protective Order also provides that, "[t]o the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY. . . ." *Id*. at ¶ 8.

Peloton makes it clear that they intend to use these documents in parallel proceedings before the PTAB. *See* Dkt. No. 149 at 2, 6–7. However, the Protective Order that was entered in this case states that "[d]ocuments, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." Dkt. No. 52 at ¶ 7. Thus, as the Protective Order is currently written, the Parties shall not use information obtained from discovery from this action in proceedings before the PTAB.

After inspection of the documents, largely internal emails within the Defendant's management group, the Court concludes that Flywheel has sufficiently justified the "Confidential" designation of the documents, but not the higher "Attorneys' Eyes Only" designation. More importantly, the Court finds that since the protective order was negotiated before the parties could have foreseen the particular need for the documents in the IPR proceeding, it does not do violence to the negotiated protective order to amend it to allow these documents to be submitted for consideration by the Patent Trial and Appeal Board, should the judges of that Board deem them appropriate to consider. See, *Team Worldwide Corporation v. WalMart Inc., et al.*, Civil Action 2:17-235-JRG (E.D.Tex., Jan. 24, 2019) (Dkt. No. 473).

Plaintiff has made an adequate showing of the relevance and importance of the documents to the issues pending before the PTAB. There is no showing that Plaintiff is using this case in

order merely to obtain discovery not otherwise available in the IPR proceedings, especially since the IPR was filed after Plaintiff commenced this action. We are also not dealing here with documents produced by third parties in reliance upon the protective order—parties who don't have a chance to oppose the amendment of it. Finally, Defendants have made no credible showing of prejudice, especially since there is a protective order available in the IPR proceeding that is very similar in its terms to the order currently protecting the documents at issue.

Accordingly, Plaintiff's motion to compel (Dkt. No. 149) is granted to the extent that Plaintiff is given leave, as an exception to the March 1, 2019 Protective Order (Dkt. No. 52), to submit to the PTAB the documents attached to the motion as Exhibits A-H (which are hereby redesignated as "Confidential"). No further modification of the Protective Order is granted at this time.

**SIGNED this 23rd day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE