IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PELOTON INTERACTIVE, INC., §<br>　　　*Plaintiff*, §<br>　　v. §<br>FLYWHEEL SPORTS, INC., §<br>　　　*Defendant*. § | Case No. 2:18-CV-00390-RWS-RSP |

## ORDER

Before the Court is Defendant Flywheel Sports, Inc.'s ("Flywheel") Motion to Compel Conception and Inventorship Email ESI ("Motion to Compel"). Dkt. No. 129. In this Motion to Compel, Flywheel asserts that Plaintiff Peloton Interactive, Inc. ("Peloton") recently altered its alleged conception date and indicated its intention to modify inventorship for three asserted patents. *Id.* at 1. Flywheel asserts that these changes justify further email discovery into the conception and inventorship of the patents-in-suit. *Id.* This Motion to Compel therefore seeks to compel Peloton to promptly undertake additional searches of numerous terms for eight custodians. For the reasons stated below, the Court **DENIES** Flywheel's Motion to Compel.

The e-Discovery Order in this case requires that the Parties designate the "eight (8) most significant e-mail custodians in view of the pleaded claims and defenses," and the e-Discovery Order also states that "[e]ach requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian per party." Dkt. No. 53 at ¶ 9. Flywheel has already selected custodians and sent search terms in this case. *See* Dkt. No. 131-1 at ¶¶ 2–11 (indicating that Peloton has agreed to review 364,000 unique e-mail documents).

In the present Motion to Compel, Flywheel requests permission to seek additional discovery from eight custodians. Dkt. No. 129 at 7 (seeking to search the personal email accounts

of Graham Stanton, Eric Hwang, Yu Feng, Christopher Sira, Hans Wooley, John Foley, Tom Cortese, and Hisao Kushi). Additionally, Flywheel seeks to search the following terms:

1. leaderboard OR torqboard
2. Seldin OR Galluzo OR Zukerman OR Ristau
3. Flywheel OR "Fly Wheel" OR "at-home" OR "@home" [OR] "Flywheel@home"
4. flywheelsports OR tricerapartners OR samlyncapital
5. live AND (class OR program OR stream OR video)
6. Sira OR Wooley
7. Expresso OR NetAthlon
8. patent* OR Hangartner OR "x-patent" OR "x-patents"
9. Cho OR Bukauskas OR arohwhyceeee OR Narunas
10. McClure OR 6,902,513 OR (513 w/3 patent)

Dkt. No. 129-1 at 3.

The Court concludes that Flywheel has not shown good cause for the requested additional discovery. The Court finds Flywheel's arguments from the January 3rd hearing to be unpersuasive. Flywheel argued that the additional discovery was necessary due to Peloton's attempt to change its asserted priority date and the inventorship of asserted patents. Flywheel argued that it needed this discovery to develop its conception story. However, the Court finds this argument to be unpersuasive as the "conception story" was part of this case before Peloton's attempted changes to inventorship and to its priority date. Furthermore, Defendant was unable, despite multiple requests, to show any connection between the additional search terms and the change in priority date.

Additionally, by using the term "or," Flywheel effectively requests thirty-three (33) search terms, far more than the ten-search term limit in the e-Discovery Order. However, even assuming that this list constitutes only ten terms, granting this Motion would essentially restart the e-Discovery process as it would require Peloton to search ten search terms for eight different custodians. Flywheel has not shown why this extensive additional discovery is justified.

Because the requested discovery would create significant burden on Peloton and because Flywheel failed to show why additional discovery is justified by Peloton's actions, the Court finds that Flywheel has failed to show good cause for the requested discovery. Flywheel's Motion is therefore **DENIED**.

**SIGNED this 7th day of January, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE