IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PELOTON INTERACTIVE, INC., | § | |
|     *Plaintiff*, | § | |
| v. | § | Case No. 2:18-cv-00390-RWS-RSP |
| FLYWHEEL SPORTS, INC., | § | |
|     *Defendant*. | § | |

# MEMORANDUM ORDER

Before the Court is Defendant Flywheel Sports, Inc.'s ("Flywheel") Opposed Sealed Motion for Leave to Amend Invalidity Contentions ("Motion for Leave"). Dkt. No. 140. In this Motion for Leave, Flywheel seeks to amend its invalidity contentions to add a July 2011 "Flywheel@Home" reference, and Flywheel contends that this reference demonstrates both Flywheel's prior and independent development of the subject matter of Peloton's patents and the obviousness of Peloton's invention. *Id*. at 1.

After consideration, the Court **DENIES** Flywheel's Motion for Leave as good cause is not present to permit this amendment. Flywheel has not sufficiently shown that it was diligent or that the reference is important, and allowing the proposed amendments would be prejudicial to Peloton at this stage of the case.

## I. APPLICABLE LAW

Under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "good cause requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Diligence includes a party's diligence in discovering the reference.

While courts have broad discretion to allow modifications, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (citations omitted).

## II. ANALYSIS

### a. Diligence and Explanation for the Failure to Meet the Deadline

Flywheel has not shown sufficient diligence to permit a finding of good cause. Here, the "Flywheel@Home" reference was in Flywheel's possession and was discovered after searching through Flywheel's own files (Dkt. No. 140 at 5), yet Flywheel did not discover this reference until September 9, 2019 (*Id*. at 1). Thus, unlike other situations where the document was in possession of a third-party, this document was in Flywheel's possession. This fact strongly suggests that diligence was not exercised in searching for relevant documents.

Flywheel contends that it was diligent in producing this document once it was discovered. However, "[a]s other courts have recognized, 'the critical issue is not what the party did after they discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Invensys*, 2014 WL 12598865, at *3 (citing *Symantec*, 2013 WL 5368053, at *5 (internal quotation marks omitted)).

Flywheel also contends that it has had extensive employee turnover over the last eight years and that "no Flywheel employees with relevant engineering knowledge from the 2010-2012 period (at issue for validity) remain at the company," and Flywheel argues that good cause is present for these reasons. Dkt. No. 140 at 5–6.

Even taking this turnover into consideration, too much time and too many deadlines have passed, and the Court concludes that a person acting with reasonable diligence would have found this reference much earlier than September 9, 2019. The deadline for Flywheel to file invalidity contentions for the original three patents was on March 21, 2019. Dkt. No. 47 at 4 (using ECF page number). The deadline for Flywheel to file invalidity contentions on the fourth patent was September 10, 2019, one day after Flywheel states that it discovered this reference. Dkt. No. 92 at 5. Flywheel did not disclose the "Flywheel@Home" reference in either set of invalidity contentions. Further, Flywheel had obligations under the Discovery Order in this case to produce or permit inspection of all documents that are relevant to the pleaded claims or defenses involved in this action. Dkt. No. 46 at ¶ 3(b). The deadline for filing the initial and additional disclosures in this case was on February 28, 2019. Dkt. No. 47 at 4 (using ECF page number). Peloton contends that, by February 28, 2019, Flywheel had "produced just 49 pages of documents, all of which were publicly available marketing materials for Flywheel's accused product." Dkt. No. 158 at 2. Peloton also represents that the majority of the documents were not produced until the two months before the close of discovery. *See* id. at 3.

Even considering Flywheel's employee turnover, the Court concludes that Flywheel has not shown sufficient diligence to warrant a finding of good cause. This lack of diligence is sufficient standing alone to justify the denial of this Motion. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("[G]ood cause requires a showing of diligence.").

### b. Importance of the Thing that Would be Excluded

The Court concludes that this factor weighs against a finding of good cause. Flywheel argues that this "evidence is critical to Flywheel's defense" and that the reference "speaks directly

to the validity of Peloton's claimed invention." Dkt. No. 140 at 6. Flywheel also argues that the reference rebuts Peloton's accusations of copying and bears on the issue of willful infringement. *Id*. at 7. Flywheel asserts that without being able to rely upon its own independent conception that predates Peloton's patents, Flywheel will not be able to mount an effective defense at trial. *Id*.

Flywheel has not prepared proposed amended invalidity contentions that incorporate the "Flywheel@Home" reference, and this fact suggests that Flywheel has not shown the importance of these amended contentions. While Flywheel contends that it charted the accused products, these charts compared the accused products to the specification of the asserted patents. Dkt. No. 140-5 at 12–18. However, Local Patent Rule 3-3(c) requires "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. . . ," and Flywheel has not prepared such a chart. Without this, it is difficult for the Court to assess importance and for Peloton to assess those charts so that they can meaningfully challenge the importance of this amendment. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd*., 4:14-cv-371, 2016 WL 3854700, at *2 (E.D. Tex. Mar. 28, 2016) (Mazzant, J.) ("Defendants argue that bringing in additional references asserted in IPR proceedings is important for expeditious and cost-effective resolution of this case. However, the Court does not find that the references, as presented to the Court, are so important to the asserted causes of action such that late amendment is warranted. *It is somewhat difficult to completely consider the importance of the proposed amendment as Defendants did not provide the exact proposed amended contentions to the Court*." (internal citations omitted) (emphasis added)).

While Flywheel argues that the reference rebuts Peloton's accusations of copying and bears on the issue of willful infringement (Dkt. No. 140 at 7), this argument has no bearing on whether the reference should be included in the ***invalidity*** contentions.

While Flywheel asserts that it will be prejudiced if it will not be able to rely upon this document to show its own independent conception that predates the patents, the Court concludes that Flywheel has not persuasively shown that this reference qualifies as prior art. While Flywheel relies upon its own independent conception, it would still need to reduce that conceived invention to practice to arguably establish that the reference is prior art, and Flywheel has not shown how a reduction to practice ever occurred. *See* Pre-AIA 35 U.S.C. § 102(g)(2). Furthermore, Flywheel has not persuasively shown that this reference would qualify as prior art under any other subsection within Pre-AIA § 102.

Thus, the importance factor weighs against a finding of good cause.

### c. Potential Prejudice in Allowing the Thing that Would be Excluded and Availability of a Continuance to Cure Such Prejudice

The Court concludes that this factor is neutral at best for Flywheel. Flywheel states that it discovered the reference on September 9, 2019 and produced the presentation to Peloton on September 23, 2019. By that time, the claim construction process was underway, with the deadline to exchange proposed claim terms under P.R. 4-1 set on October 1, 2019. Dkt. No. 92 at 5. Furthermore, the deadline for Flywheel to file invalidity contentions for the original three patents was on March 21, 2019. Dkt. No. 47 at 4 (using ECF page number). Providing notice of these new theories six-months after the date contemplated by the docket control order is prejudicial to Peloton as Peloton relied upon the invalidity contentions in its strategic decisions about the case since that time and in its requested discovery.

Flywheel asserts that it disclosed this reference to Peloton and therefore provided notice to them of this reference four months before the February 11, 2020 close of fact discovery. Flywheel also asserts that Peloton has already sought discovery into issues related to this document and attempted to make changes to the asserted priority date of the asserted patents and the inventorship

of those patents in response to Flywheel's disclosure of this reference. Flywheel's argument about additional time available for discovery is on point, but it is still does not outweigh the prejudice caused by the delay in discovering this reference.

Further, a continuance would not cure any prejudice to Peloton—it would actually cause even greater prejudice to Peloton. Peloton is seeking a permanent injunction in this case between competitors, and for at least this reason, Peloton has expressed a desire to quickly resolve this case. Thus, a continuance would not be a viable option to cure any prejudice.

Viewing these two factors together, the Court considers these factors weigh against a finding of good cause.

### III. CONCLUSION

Because the Court concludes that the factors taken together weigh against a finding of good cause, the Court **DENIES** Flywheel's Motion for Leave (Dkt. No. 140).

**SIGNED this 20th day of January, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE