**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PELOTON INTERATIVE, INC., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> FLYWHEEL SPORTS, INC., § <br> *Defendant*. § | Case No. 2:18-CV-0390-RWS-RSP |

## ORDER

Before the Court is Defendant Flywheel Sports, Inc.'s ("Flywheel") Opposed Motion to Compel Production of Documents from the VR Optics Litigation ("Motion to Compel"). Dkt. No. 138.[1] The Court previously carried the resolution of this Motion to Compel until Friday, January 17, 2020, to see if the documents produced by Plaintiff Peloton Interactive, Inc. ("Peloton") rendered Flywheel's Motion to Compel moot. *See* Dkt. No. 175 at 2. On Friday, January 17, 2020, Flywheel filed a Supplemental Brief indicating its belief that Peloton's production was still insufficient. Dkt. No. 184. Flywheel also requested in that Supplemental Brief that the Court order Peloton to produce the additional material by Tuesday, January 21, 2020.[2] Peloton filed a supplemental brief in response on January 20, 2020. Dkt. No. 185. After consideration, the Court **DENIES** this Motion to Compel for the reasons stated below.

Flywheel asked the Court to compel Peloton to produce several categories of documents from *VR Optics, LLC v. Peloton Interactive, Inc.* (1:16-cv-06392-JPO) (S.D.N.Y 2016) (the "*VR*

---

[1] All citations to documents within CM/ECF cite to the page number within the original document unless otherwise noted.

[2] The Supplemental Brief requests that the Court order production from Peloton by Tuesday, January 20, 2020, but January 20th is a Monday and a federal holiday. Thus, the Supplemental Brief seems to have intended to say Tuesday, January 21, 2020.

*Optics* Litigation"). Dkt. No. 138 at 1. The following table shows the remaining disputes over production according to Flywheel:

| **Requested (Dkt. No. 138 at 1)** | **Status of Production (According to Flywheel)** |
|---|---|
| Deposition transcripts and videos of all nonexpert witnesses | Peloton has not produced transcripts from all non-expert witness depositions. From reviewing filings in the *VR Optics* case, Flywheel is aware that, at least, the depositions of the following non-experts have not been produced:<br>• Eric Villency;<br>• Joseph Coffey;<br>• Scott Milstein; and<br>• Jeff Hoggard.<br><br>There may be additional non-expert deposition transcripts that have not been produced. Flywheel is only aware of the depositions that it can determine from analysis of the docket in *VR Optics*. Peloton has produced no deposition videos for any witness in *VR Optics*.<br><br>Peloton has produced none of the exhibits from any of the depositions in *VR Optics*, including the depositions of its co-founders and inventors. The production of deposition exhibits was specifically discussed at the hearing. |
| Documents relating to the infringement, validity, or enforceability of the '513 Patent asserted in that case | Peloton represents that it has produced all responsive documents. However, only one document with a bates stamp from the VR Optics case was produced. Flywheel's understanding is that over 40,000 documents were produced by the parties in that litigation and that at least as many documents were produced by third-parties subject to subpoena.<br><br>Flywheel remains concerned that Peloton has only produced one document in this case, bearing a VR Optics bates stamp, that is related to the infringement, validity, or enforceability of the '513 Paten in that case. The '513 patent is the only asserted patent in VR Optics and is the focus of the entire case—which has completed discovery with summary judgment pending before the Court. |
| Documents related to the relevant market for Peloton's at-home bike produced in the VR Optics Litigation | Peloton has represented that it has no non-email documents responsive to this category. Flywheel cannot verify whether or not this is true.<br><br>At a minimum, Peloton should produce its damages reports and exhibits. |

| **Requested (Dkt. No. 138 at 1)** | **Status of Production (According to Flywheel)** |
|---|---|
| Documents related to licenses or reasonable royalty information to the '513 Patent produced in the VR Optics Litigation and Documents related to Peloton's assertions regarding licenses or reasonable royalties for the Peloton Patents or other Peloton IP produced in the VR Optics Litigation | Peloton has represented that it has no non-email documents responsive to this category. Flywheel cannot verify whether or not this is true.<br><br>At a minimum, Peloton should produce its damages reports and exhibits. |
| Documents related to Flywheel produced in the VR Optics Litigation | Flywheel did not identify any documents responsive to this topic in Peloton's January 9th production. And Peloton has represented that it has no non-email documents responsive to this category. |

Dkt. No. 184 at 2–4 (emphasis omitted).

After consideration, the Court **DENIES** Flywheel's Motion to Compel. Flywheel asserts that the VR Optics protective order specifically authorizes production of protected material pursuant to a Court Order. Dkt. No. 184 at 2 n.2 (citing Dkt. No. 184-1 at ¶ 12). However, while Flywheel argues that this Court can order the production of these documents, Flywheel has not demonstrated good cause to show that the Court should order this production. Peloton contends that the remaining unproduced material contains confidential third-party material that prevents their production. Dkt. No. 185 at 1. Flywheel contends that VR Optics agreed that these items may be produced in this case (*id.*), but Peloton contests this point (Dkt. No. 157 at 4 (citing Dkt. No. 157–1 at ¶ 6 (showing declaration of Peloton's lead counsel, who states that, "[o]n December 9, 2019, I emailed VR Optics' counsel seeking permission to view documents VR Optics designated pursuant to the VR Optics Protective Order so that Peloton could make the production demanded by Flywheel's Motion. Despite following up multiple times, VR Optics did not give Peloton the requisite permission."))). Furthermore, good cause is not present here because Flywheel served a

subpoena for these documents upon VR Optics.[3] Thus, to the extent that Flywheel seeks additional documents, it can obtain these documents from VR Optics.

Accordingly, the Court **DENIES** Flywheel's Motion to Compel.

**SIGNED this 20th day of January, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] While Peloton filed a Motion to Quash this subpoena, Peloton states that it recently reached an agreement that would permit Flywheel to seek materials from VR Optics. Dkt. No. 185.