**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PELOTON INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLYWHEEL SPORTS, INC., <br><br> Defendant. | Civil Action No.: 2:18-CV-00390-RWS-RSP <br><br> JURY TRIAL DEMANDED |

## NOTICE OF SETTLEMENT

Plaintiff Peloton Interactive, Inc. ("Peloton"), by and through its lead counsel Steven N. Feldman of Hueston Hennigan LLP, respectfully informs the Court that Peloton and Defendant Flywheel Sports, Inc. ("Flywheel") have reached an agreement to finally and fully settle Peloton's claims against Flywheel and Peloton will therefore immediately file a Joint Stipulated Motion to Dismiss.

In connection with this settlement, Flywheel, for itself and on its own volition, also makes the representations attached hereto in **Exhibit A**.

| | |
|---|---|
| DATED: February 3, 2020 | HUESTON HENNIGAN LLP <br><br> By: */s/ Steven N. Feldman* <br> Steven N. Feldman, Lead Attorney (CA SBN 281405) <br> sfeldman@hueston.com <br> Los Angeles, CA 90014 <br> Telephone: (213) 788-7272 <br> Facsimile: (888) 775-0898 <br><br> Douglas J. Dixon (CA SBN 275389) <br> ddixon@hueston.com <br> Christina V. Rayburn (CA SBN 255467) <br> crayburn@hueston.com <br> Neil Anderson (CA SBN 307668) <br> nanderson@hueston.com |

Karen Younkins (CA SBN 305070)
kyounkins@hueston.com
Maxwell Coll (CA SBN 312651)
mcoll@hueston.com

Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

***Attorneys for Plaintiff Peloton Interactive, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via email on February 3, 2020.

                                         */s/ Melissa R. Smith*
                                         Melissa R. Smith

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PELOTON INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLYWHEEL SPORTS, INC., <br><br> Defendant. | Civil Action No.: 2:18-CV-00390-RWS-RSP <br><br> JURY TRIAL DEMANDED |

## DECLARATION OF JEFFREY NAUMOWITZ

I, Jeffrey Naumowitz, declare as follows:

1. I am the Chief Financial Officer of Flywheel Sports, Inc. ("Flywheel"), have authority to bind the corporation, and have overseen and helped manage the above-captioned lawsuit on behalf of Flywheel.

2. On September 12, 2018, Peloton Interactive, Inc. ("Peloton") filed the Complaint (Dkt. 1) in the above-captioned case asserting patent-infringement claims against Flywheel. Peloton alleged that Flywheel's at-home exercise bike (the "Fly Anywhere Bike")[1] infringes certain claims of United States Patent No. 9,174,085 ("the '085 Patent") and United States Patent No. 9,233,276 ("the '276 Patent").

3. On July 24, 2019, Peloton filed an amended complaint and added claims that the Fly Anywhere Bike also infringes United States Patent No. 9,861,855 ("the '855 Patent") and United States Patent No. 10,322,315 ("the '315 Patent," and collectively, the "Peloton Patents").

4. Flywheel now admits that the Peloton Patents are valid and enforceable.

---

[1] Flywheel's "Fly Anywhere Bike" has also been known as the "Flywheel Home Bike," and the "Fly On Demand Bike," among other names, at other points in time.

5. Flywheel admits that Flywheel's Fly Anywhere Bike and associated services infringe the Peloton Patents as alleged by Peloton in the Second Amended Complaint; that Flywheel copied elements of the Peloton bike in developing its Fly Anywhere bike; that, to the best of Flywheel's knowledge, Peloton's "at home" / "remote streaming" patented leaderboard technology was not created or invented by Flywheel; and that Flywheel does not have evidence showing that the document at issue in the Court's denial of Flywheel's Motion for Leave (Dkt. 187), or any of the ideas contained therein, were conveyed to anyone affiliated with or related to Peloton prior to this litigation.

6. As such, and as part of the settlement resolving this dispute, Flywheel agrees that within 60 days it will stop infringing Peloton's patented technology.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31th day of January, 2020, in New York, New York.

_____
Jeffrey Naumowitz
Chief Financial Officer
On behalf of Flywheel Sports, Inc.